# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-0933V

KIMBERLY A. MACFEGGAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Chief Special Master Corcoran

Filed: March 11, 2025

*Bradley W. Eskins, Eskins, King, & Marney, P.C., Memphis, TN, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 16, 2021, Kimberly A. MacFeggan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, or in the alternative A caused-in-fact injury, after receiving an influenza vaccine on October 2, 2020. Petition, ECF No. 1. On September 16, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 45.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2]National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $39,508.25 (representing $38,924.00 in fees plus $584.25 in costs). Application for Attorneys' Fees and Costs ("Motion") filed October 25, 2024, ECF No. 50. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 51 at 7.

Respondent reacted to the motion on November 1, 2024, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. ECF No. 52. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Attorney Hourly Rates

Petitioner requests approval of the following hourly rates for her attorney, Mr. Bradley W. Eskins: $375 for time billed in 2021; $400 for time billed in 2022; $450 for time billed in 2023; and $475 for time billed in 2024. Additionally, Petitioner requests approval of the following paralegal rates: $150 for 2021; $160 for 2022; $165 for 2023; and $175 for 2024.

Mr. Eskins has been a licensed attorney since 1998 (ECF No. 51-2), placing him in the range of attorneys with 20-30 years' experience based on the OSM Attorneys' Forum Rate Fee Schedules.[3] Based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] I find Mr. Eskins's requested rates to be reasonable and within the appropriate experience range, and I shall therefore adopt them herein. I also find the requested paralegal rates to be reasonable.

### B. Non-Compensable Tasks

The filed invoices establish that Mr. Eskins billed a total of 9.00 hours on tasks which are not reimbursable in the Vaccine Program.[5] Specifically, he performed background research into basic Program matters (as opposed to the specifics of this claim). ECF No. 51-3. But reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012. Additionally, "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health*

---

[3]The OSM Attorneys' Forum Hourly Rate Fee Schedules is available on the Court's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4]*See McCulloch v. HHS*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5]Examples of non-compensable entries are as follows: 2/2/21: "review and analyze recent authority of section 300aa-11 pleading requirements, OSM Guidelines and amended injury table given DHHS Final rule of 1/21/21 in preparation for drafting petition." 2/5/21: "draft and review retainer agreement given change in injury table." 9/23/24: "review and note contents of recent fee awards in local forum…" 9/23/24: "review and note contents of vaccine injury hourly fee awards…" *Id.* at 51-3.

*& Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

**Thus, I will not award fees for these nine hours of work. Application of the foregoing results in a reduction of fees in the amount of <u>$3,855.00</u>.**[6]

*C. Attorney's Litigation Costs*

I have also reviewed the requested costs, but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 51-3 at 11. I will nevertheless reimburse these costs in full, since the amount requested ($584.25) is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[7]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of <u>$35,653.25</u> (representing $35,069.00 in fees plus $584.25 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

---

[6]This amount is calculated as follows: ($375 x 4.20 hrs.) + ($475 x 4.80 hrs.) = $3,855.00.

[7]The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

[8]Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master